UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WARREN L. COFFIN, JR.,

Plaintiff,

v.                                    CAUSE NO.: 3:19-CV-1146-RLM-MGG

MATTHEW HASSEL, et al.,

Defendants.

OPINION AND ORDER

Warren L. Coffin, Jr., a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Coffin alleges that, on May 15, 2019, he suffered a heart attack at the Marshall County Jail, but Sergeant Beau Holcomb denied him medical treatment. On June 14, Dr. Tchaptchet hit Mr. Coffin in the chest but didn't provide medical treatment. Further, on July 15, Sheriff Matthew Hassell and Sergeant Beau Holcomb placed him in

an overcrowded cell, which causes him to be unable to navigate his cell safely and forces him to sleep on the floor near the toilet and to eat on the floor or a toilet. Because Mr. Coffin is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. See Mulvania v. Sheriff of Rock Island Cty., 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." Id. "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." Id. A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Mr. Coffin states a plausible Fourteenth Amendment claims against the defendants.

For these reasons, the court:

(1) GRANTS Warren L. Coffin, Jr., leave to proceed on a Fourteenth Amendment claim for money damages against Sergeant Holcomb and Dr. Tchaptchet for refusing to provide medical treatment for a heart attack since May 15, 2019;

(2) GRANTS Mr. Coffin leave to proceed on a Fourteenth Amendment claim for money damages against Sheriff Hassell and Sergeant Holcomb for subjecting him to overcrowded conditions since July 15, 2019;

2

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Hassell, Sergeant Holcomb, and Dr. Tchaptchet at the Marshall County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Hassell, Sergeant Holcomb, and Dr. Tchaptchet to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Warren L. Coffin, Jr., has been granted leave to proceed in this screening order.

SO ORDERED on January 14, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT